UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

RAYMOND MILLER and )
CHRISTINE MILLER, )
 )
      Plaintiffs )
 )
v. ) No. 2:10-cv-307-JAW
 )
THAYER CORPORATION, )
 )
      Defendant )


*MEMORANDUM DECISION ON MOTION FOR LEAVE TO NAME REBUTTAL EXPERT*

The plaintiffs in this negligence action seek leave to name a rebuttal expert. I deny the motion.

The initial scheduling order in this case set December 15, 2010, as the deadline for the plaintiffs to designate any expert witness. Scheduling Order (Docket No. 14) at 2. A joint objection to the scheduling order (Docket No. 15) resulted in an extension of the parties' deadlines for expert designations. (Docket No. 16). The plaintiffs' deadline was extended to January 14, 2011. *Id.* A second joint motion to extend (Docket No. 17) was then filed and granted, and the plaintiffs' deadline was further extended to February 14, 2011 (Docket No. 18). The plaintiffs served their expert disclosure on February 14, 2011.

After a telephone conference prompted by the filing by the plaintiff of a motion to stay (Docket Nos. 19 & 22), on February 24, 2011, I extended the pretrial deadlines further so that, *inter alia,* the plaintiffs were required to provide reports from their designated experts by June

1

10, 2011, and the defendant was required to make its expert disclosure by July 8, 2011. Docket No. 24. The defendant disclosed its liability expert on June 23, 2011.

The plaintiffs, who filed the instant motion on June 28, 2011, assert that they have consulted "an engineer" with regard to the calculations performed by the defendant's expert witness and wish to present evidence that those calculations are flawed. Plaintiffs' Motion for Leave of Court to Name a Rebuttal Expert ("Motion") (Docket No. 25) at 6 & n.4. They do not otherwise identify the expert whom they wish to add as a rebuttal witness.[1]

The plaintiffs correctly cite *United States v. LiCausi*, 167 F.3d 36, 52 (1st Cir. 1999), for the unremarkable proposition that the question of whether to allow rebuttal evidence is within the discretion of the trial judge. Motion at 7. However, their citation of *Wilgus v. F/V Sirius, Inc.*, Civil No. 08-225-P-H, 2009 WL 1372963, at *5 (D. Me. May 14, 2009), for the proposition that "[t]his Court has recognized that the Federal Rules of Civil Procedure contemplate a supplemental expert designation," Motion at 7, is misplaced. That opinion does discuss a supplemental expert witness designation at page *4, but the critical point in that discussion is that it was a supplemental designation of an expert already timely designated. In this case, the plaintiffs seek to add a new expert witness, not yet disclosed.

More helpful for present purposes is Judge Carter's opinion in *Stacey v. Bangor Punta Corp.*, 107 F.R.D. 779, 783-84 (D. Me. 1985). In that case, the plaintiff moved to add two expert witnesses more than three weeks after the final pre-trial conference. *Id*. at 780, 782.

---

[1] The defendant complains that "Plaintiffs have not even made a showing of what their new expert would specifically say," Opposition of Defendant Thayer Corporation to Plaintiffs' Motion for Leave of Court to Name a Rebuttal Expert (Docket No. 26) at 9, but the plaintiffs in fact made as much of a showing as they could at the time the motion was filed, when they stated that they were awaiting the calculations performed by the defendant's expert, which they had requested, and that they would "need to review the actual calculations from defendant's expert in order to determine whether the methodology is flawed." Motion at 6 & n.4. The plaintiffs did not file a reply memorandum, which might have provided the court with an update on the status of this request.

After concluding that the proposed testimony of the two new experts was not properly characterized as responsive to a new theory of defense, only recently made known – a justification not even mentioned in the instant case – Judge Carter found that the plaintiff's claim of surprise was equally unfounded. *Id.* at 783-84. While I do not see in this case the attempt to achieve an improper advantage that Judge Carter found in *Bangor Punta*, *id.* at 784, his opinion does emphasize the need for a substantial justification for a post-discovery attempt to add one or more expert witnesses, whether or not they are characterized as "rebuttal" experts.[2]

If the plaintiffs wish to discredit the calculations performed by the defendant's expert, they may accomplish that goal through cross-examination. They have not suggested that only the testimony of another expert can accomplish this end. I emphasize that the plaintiffs do not seek merely to present rebuttal evidence; that can be done without advance notice to an opponent, in most cases. What is at issue here is evidence from a new witness bearing the imprimatur of an "expert," and the plaintiffs have thus properly sought court permission for this last-minute addition of opinion evidence that is normally disclosed to an opponent well before the close of discovery. They have not shown that they are entitled to this extraordinary relief.

This court employs scheduling orders to manage efficiently the pace of pretrial proceedings. *Vineberg v. Bissonnette*, 548 F.3d 50, 54 (1st Cir. 2008); *Tower Ventures, Inc. v.*

---

[2] While the instant motion was filed before the discovery deadline, which was July 29, 2011, Docket No. 24, it was not, contrary to the plaintiffs' assertion, filed early enough to provide "ample time for plaintiffs to produce the rebuttal report and for defendant to depose the rebuttal expert." Motion at 7. Under this court's local rules, the defendant's opposition to the motion was due on July 19, 2011, *see* Docket No. 25, which is the date on which it was filed. Docket No. 26. That leaves 10 days for production of the report and deposition of the new expert, which would ordinarily not be enough time. Of course, this scenario does not account for the possibility of a reply memorandum from the plaintiffs, which would be due on August 2, 2011, *id.*, after the close of discovery. Here, the plaintiffs neither sought an expedited opposition from the defendant nor expedited resolution of the dispute by the court, nor did they inform the court that they would not be filing a reply. In short, the plaintiffs did not seek to have their request ruled upon before the close of discovery.

*City of Westfield*, 296 F.3d 43, 46 (1st Cir. 2002) (scheduling order is part of court's stewardship of its docket). *See also Roach v. CUNA Mut. Ins. Co.*, 385 Fed.Appx. 2, 5-6, 2010 WL 2768530, at **3 (1st Cir. July 14, 2010) (purpose of expert disclosure rules is to prevent parties from seeking unfair tactical advantage by failing to name expert in timely fashion). Any plaintiff could contend that the testimony of a defendant's expert witness, necessarily designated by the defendant only after receipt and exploration of the designation of the plaintiff's expert witness, raises previously unexplored avenues of attack on that expert's methodology or conclusions. That fact alone cannot serve as justification for the designation of a "rebuttal" expert. If it did, surely the defendant would be equally entitled to a "sur-rebuttal" expert, and there would be no logical end to the cycle. The plaintiffs in this case have proffered no justification beyond this.

For the foregoing reasons, the plaintiffs' motion is **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 17th day of August, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

4